616

(December 23, 1968)*

■ In the Matter of the Estate of JOHANNA KRYCUN, Deceased. EDWARD JAWORSKI et al., Appellants; LEO YACYKEWYCH et al., Respondents.—In a proceeding by one of the two executors to settle the executors' account and for construction of the will, the appeals are (1) by the other executor, Edward Jaworski, and two other parties, as limited by their joint brief, from so much of a decree of the Surrogate's Court, Queens County, dated November 10, 1967, as (a) adjudged that the testatrix by her last will and testament had revoked four trust savings accounts and as (b) contains directions implementing said adjudication and (2) by said other executor from an order of said court dated October 30, 1967 which denied his motion to vacate his default in filing a certain objection to the account. Order affirmed and decree affirmed insofar as appealed from, with a separate bill of $50 costs and disbursements to each of the two respondents, payable jointly by the three appellants personally. Since the facts are set forth in the dissenting opinion, we need not repeat them. We are of the opinion that paragraph Seventh of the will was clearly designed to revoke all outstanding trusts and to provide for the disposition of their proceeds by paragraph Fifth. It is of no moment that two of the trusts were created after the 1960 will was executed; and the 1962 will made no change in paragraph Seventh since the will speaks only as of the date of death. It is, therefore, our opinion that the language used in paragraph Seventh is clear and absolute to show the intention of the testatrix to revoke any prior trust bank accounts and to have such proceeds become part of the assets of the estate. Christ, Acting P. J., Brennan, Rabin and Martuscello, JJ., concur; Munder, J., concurs in the affirmance of the order, but dissents from the affirmance as to the decree and votes (1) to reverse so much of the decree as was appealed from, namely, as adjudged that the testatrix, by her last will, revoked the four trust savings accounts, and (2) to make a contrary determination, with the following memoradum: On March 26, 1962 Johanna Krycun executed a will in which, aside from several charitable bequests and a direction to use the proceeds of a small insurance policy plus $1500 for funeral expenses, she directed, in paragraph Fifth, that the balances due on two mortgages then held by her (face values of $6,500 and $13,000) be divided, in designated proportions, among six named legatees, one of whom, Edward Jaworski, a coexecutor, was to get 30% and the rest of whom (including Leo Yacykewych, the other coexecutor) were to receive 14% each. In paragraph Seventh the testatrix provided: " I give and bequeath any and

* Not published with other decisions of December 23, 1968, 31 A D 2d 645 [Rep.

all funds on deposit to my credit, in any bank or trust company or similar financial institution, at the time of death, to the persons named in paragraph Fifth the amount equal to the percentage specified in paragraph **Fifth.**" The residuary clause, paragraph Eighth, provides for a division of the remainder, but on an equal basis, to the persons designated in paragraph Fifth. At the time of her death on May 20, 1965 there existed four bank accounts in the testatrix' name in trust, respectively for named beneficiaries, as follows: 1. Manhattan Savings Bank, 770 Broadway, New York, N. Y., Account #116019, in the name of the deceased, in trust for Irene Hawrylko, the sum of $4,047.44.    2. Chase Manhattan Bank, 46-01 Greenpoint Ave., Sunnyside, L. I., Account #12476493, in the name of the deceased, in trust for Leopold Lencsuk, the sum of $5,704.67.    3. Chase Manhattan Bank, 46-01 Greenpoint Ave., Sunnyside, L. I., Account #12463625, in the name of the deceased, in trust for Edward Jaworski, the sum of $6,999.15.    4. Drydock Savings Bank, 341 Bowery, New York, N. Y., Account #1030479, in the name of the deceased, in trust for Edward Jaworski, the sum of $15,169.74. She had two other bank accounts in her name alone.    One was a savings account in the Manhattan Savings Bank in the amount of about $9,400 and the other a checking accout in the Chase Manhattan Bank in the amount of $726.18.    A previous will, executed on June 6, 1960, contained identical provisions as the instant will except that (1) the share of a predeceased Fifth paragraph legatee in the 1960 will, Mrs. Jean Julia Roche, was equally divided among the six remaining Fifth paragraph legatees in the 1962 will and (2) such legacy given to John Parawski in the 1960 will was bequeathed to Adele Parawski in the 1962 will.    Also pertinent is the fact that two of the four trust accounts were established after the drawing of the 1960 will; the Hawrylko account was opened on July 5, 1960 and the Lencsuk account was opened December 19, 1961.    The instant proceeding sought settlement of an account and the construction of three paragraphs of the will, including paragraph Seventh above quoted.    At the hearing thereon the records of the Totten trust accounts were submitted to the court.    No oral testimony was offered.    Upon that record the learned Surrogate concluded " that the provisions contained in paragraph ' Seventh' specifically disposed of the funds in these four trust accounts by the words ' * * * any and all funds on deposit * * * in any bank or trust company or similar financial institution ' ". I am of a contrary view.    The question of the testamentary revocation of such Totten or tentative trusts has been the subject of conflicting determinations.    In *Matter of Richardson* (134 Misc. 174) Surrogate Wingate discussed several of them and concluded that the conflict could be reconciled with the observation that (1) the trusts were held to be revoked where the wills contained specific legacies which would have failed had the trusts been sustained; and (2) the trusts were held to be effective where the wills contained only general or residuary clauses in the absence of any further feature.    Examination of the instant will shows that, in the main, six designated persons were to share in the proceeds of the estate in specified proportions.    Apart from the Totten trust accounts the gross estate totaled more than $60,000. These moneys were to come from various sources, mortgages held by the testatrix, the sale of certain real property owned by the testatrix and funds on deposit to her credit in any bank at the time of death.    Other than the trust accounts she had two bank accounts with a total of more than $10,000 on deposit.    Only in the residuary clause does the will call for an equal distribution of the remainder, among the persons named in paragraph Fifth. This testamentary scheme evinces a desire by the testatrix that the estate, whatever size it may be, be divided proportionately among the designated

persons. I view this as a general bequest rather than specific legacies which would fail if the trusts are not recognized. The legatees are designated and they are to share in general. It is well established that "A general legacy is one which is designated primarily by quantity or amount and which may be satisfied out of the general assets of the testator, without the necessity of delivering any particular chattel or fund to the legatee" (57 Am. Jur., Wills, § 1402). The instant testatrix would have accomplished her testamentary objective of dividing her estate proportionately among a designated group merely by having a residuary clause, and without the provisions of paragraph Seventh. Because of that, in my opinion the will does not effect a revocation of the tentative trusts. Even more indicative, however, of the testatrix intention not to revoke the trusts is the fact that she created two of these accounts after she executed the 1960 will, which in all material respects is identical to the subsequent 1962 will. She could not have intended to revoke something which did not exist. Before the 1960 will was executed, the only trust accounts in existence were the two in which Edward Jaworski was the named beneficiary. Thereafter, the testatrix took $5,000 from the Drydock account which presumably she used to open, on July 5, 1960, the trust account for Irene Hawrylki. On December 19, 1961 she opened the Chase Manhattan account for Leopold Lencsuk with a deposit of $459 to which, on March 20, 1962, six days before she executed the second will, she added $5,089. Viewing the testatrix' intention in 1960, at the time she first committed herself to a testamentary disposition of her property, she could not have intended to revoke the Totten trusts, particularly since she did not create two of these accounts until after the will was drawn. There is no evidence that the draftsman of the will knew of any of the trust accounts. In this circumstance I think we may not assume that the testatrix, by the language in paragraph Seventh, intended to revoke any of those trust accounts.